

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-158(1) |
| | § | |
| JAMES ALVIN GODFREY | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS UNDER RULE 48
## AND BRADY VIOLATION

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate for hearing and submission of findings of fact and a report and recommendation on certain case-dispositive motions. *See Order of Referral* [Clerk's doc. #104]. Pending before the Court for purposes of this report is Defendant's *Motion to Dismiss Under Rule 48 And For Brady Violation* [Clerk's doc. #103].

### Background

On October 28, 2009, Defendant, James Alvin Godfrey, was charged in a Criminal Complaint with conspiring to distribute and possess with the intent to distribute cocaine base in the amount of 50 grams or more, in violation of Title 21, United States Code, Section 846. An initial

appearance was conducted on October 30, 2009, and this Court appointed Assistant Public Defender John McElroy to represent Defendant. On November 4, 2009, Defendant waived his preliminary hearing and consented to be detained pending the outcome of future grand jury proceedings. A federal grand jury subsequently charged Defendant in a three - count Indictment which was returned on November 18, 2009. See Indictment [Clerk's doc. #23]. Count I of the Indictment charges Defendant with conspiracy to possess with the intent to distribute 50 grams of more of crack cocaine, in violation of Title 21, United States Code, Section 846. Count II charges Defendant with possession of 50 grams or more of crack cocaine with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1). Count III charges Defendant with possession of cocaine with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1).

The Court entered a Scheduling Order on December 8, 2009 [Clerk's doc. #42]. That Scheduling Order directed Defendant's attorney and the attorney for the Government to meet and confer within five days whereupon the Government shall permit the Defendant's attorney to inspect and copy photographs, tangible objects, etc. which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at trial. The order also provided that the Government was to permit Defendant's attorney to inspect and copy any evidence within the ambit of *Brady v. Maryland.*

On December 18, 2009, Defendant's attorney filed a motion to withdraw as counsel. In that motion, the Assistant Federal Public Defender informed the Court that Defendant believed that his court-appointed counsel was not acting in his (Defendant's) best interest. Defendant sought a substitute counsel. Several days later, Defendant, acting *pro-se*, filed a motion to dismiss counsel. United States District Judge Marcia Crone referred these two motions to Magistrate Judge Earl Hines

for consideration, hearing, and a recommended disposition. Judge Hines conducted a hearing on January 27, 2010. In his Report and Recommendation, Judge Hines determined that there was no basis for concluding that Defendant's counsel had a conflict of interest or other impediment that would constitute ineffective assistance of counsel. Judge Crone adopted Judge Hines' Report and Recommendation and denied the two motions.

Several weeks later on February 26, 2010, Defendant filed another *pro-se* motion to dismiss his counsel. Judge Crone promptly referred the matter to Judge Hines for consideration and determination. Judge Hines denied the motion without prejudice to reassert subsequent to Defendant's psychiatric evaluation and a determination of his competency.

On March 10, 2010, Defendant, again acting *pro-se*, even though he still had court-appointed counsel, filed a *Motion to Dismiss Under Rule 48 And For Brady Violation*. [Clerk's doc. #71]. This motion is identical to the instant motion [Clerk's doc. # 103] that has been referred to this Court by Judge Crone. Judge Crone promptly struck the motion from the record and informed Defendant that since he is represented by counsel he does not have the right to file *pro se* pleadings. *See Order* [Clerk's doc. #72]. On April 21, 2010, another motion was filed by Defendant to dismiss his attorney which was denied without prejudice to reassert pending the results of a competency hearing.

On May 17, 2010, Defendant was found to be competent to stand trial. Defendant filed a yet another motion to dismiss counsel on June 4, 2010, and his attorney filed another motion to withdraw on June 15, 2010. These motions were referred to this Court for a recommended disposition.

Ignoring a direct order from Judge Crone, on June 23, 2010, while still represented by counsel, Defendant filed the *Motion to Dismiss Under Rule 48 and for Brady Violation* [Clerk's doc.

#103]. As stated above, Judge Crone referred this particular motion to this Court for a recommended disposition. On July 13, 2010, this Court granted *Defendant's Second Motion to Withdraw* and found the *Motion to Dismiss Counsel* to be moot. That same day, this Court appointed Thomas Burbank to represent Defendant.

## Discussion

In his motion, Defendant contends that there has been an unnecessary delay in the prosecution of his case and, therefore, he is entitled to have the Indictment dismissed under Rule 48(b)(3) of the Federal Rules of Criminal Procedure. He further argues that the Indictment should be dismissed due to the alleged failure of the Government in complying with it's obligation under *Brady v. Maryland*.

Defendant has, at all times relevant to this prosecution, been represented by counsel. He was represented by an Assistant Federal Public Defender when, on March 10, 2010, he filed the earlier motion to dismiss the indictment, which is identical to this motion. Judge Crone correctly determined that the Defendant did not have the right to hybrid representation and struck the motion. When he filed this motion on June 23, 1010, Defendant was represented by Thomas Burbank. The Fifth Circuit Court of Appeals has held that a "criminal defendant does not have the right . . . to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *accord United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010); *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008); *United States v. Ogbonna*,184 F.3d 447, 449 n.1 (5th Cir.), *cert. denied*, 528 U.S. 1055 (1999) (citing *Myers v. Johnson*,76 F.3d 1330, 1335 (5th Cir. 1996));  *Martinez v. Dretke*, 426 F. Supp. 2d 403, 542-43 (W.D. Tex. 2006).

This Court recommends that Defendant's motion [Clerk's doc. #103] be denied or struck

from the record. The Court further recommends that the Defendant be admonished that any future *pro-se* motions filed while he is represented by counsel will be met with sanctions.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of August, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE